# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

|                            |   |                          |
|----------------------------|---|--------------------------|
| UNITED STATES OF AMERICA   | : |                          |
| PLAINTIFF                  | : | DOCKET NO. :             |
|                            | : | 1:20-CR-114-10-WMR-CCB   |
| VS.                        | : |                          |
|                            | : |                          |
| JOSHUA ROBERTS,            | : |                          |
| DEFENDANT                  | : |                          |

## DEFENDANT ROBERTS' SENTENCING MEMORANDUM

Comes now undersigned counsel and submits this sentencing memorandum on behalf of Joshua Roberts pursuant to 18 USC 3553 factors.

**A. General information**

This case stems from a Six Count Indictment. On March 29, 2022, Mr. Roberts agreed to enter a plea of guilty to Count one of the Indictment charging him with participating in a Money Laundering Conspiracy under 18 U.S.C. § 1956(h). The guilty plea as given provides for a guideline range of no more than 20 years in custody and a $500,000.00 fine or twice the value of the property involved. There is no mandatory minimum assigned for the punishment of a violation of 18 U.S.C. §

1956(h). The following supports the request of the Mr. Roberts to the plea for a sentence of 70 months in custody.

First and foremost, Mr. Roberts recognizes he had made a mistake in getting involved with the instant offense. As a result, he decided to address the problem and entered a plea to the Indictment to count one. Mr. Roberts has no significant criminal history with only one misdemeanor conviction to his name. For this and the following reasons Mr. Roberts respectfully requests this Honorable Court impose a sentence of 70 months of incarceration which is a significant level of incarceration in light of the Defendant not having served time in prison previously. Such a decision would reflect the seriousness of the offense and show respect for the law.

**B**. **Sentencing considerations**

Mr. Roberts did come forward to resolve his participation in the offense. Although he has not received credit for his guilty plea in the PSR, he did admit to his conduct and showed remorse for his actions. Mr. Roberts, by addressing the fact that he became involved in the conspiracy through a connection with his wife, was not attempting to dodge responsibility for his actions. Instead, Roberts was attempting to adequately explain his motivations and deviations from his normal behavior to course of conduct for which he felt ashamed. Roberts admitted to his conduct and recognized he was facing significant problems by participating in the money laundering conspiracy. Roberts has spent and will spend significant time in

prison if the court agrees to the requested sentence. He will have enough time in federal prison to reflect upon his circumstances and options for the future should the court impose a sentence in accord with Roberts' request.

Mr. Roberts is 31 years of age. His criminal record is clean except for a misdemeanor plea to driving while intoxicated in 2019. Mr. Roberts has not spent time in prison prior to his arrest on the case at bar. Nearly 7 years in prison, 70 months, provides a significant period of incarceration not previously experienced. At age 31, Mr. Roberts can learn from his past mistakes and realizes now that he can chose to either spend his life in prison or do something to change his future. He has indicated he wants to change and accepts responsibility not only for this offense but the harm he has caused.

A sentence of 70 months is significant both to his age and decisions to do better when he is released. Looking at the totality of Mr. Roberts' background, he has not been afforded a stable upbringing through no fault of his own. However, this lack of childhood development support has affected his actions. His early years were fraught with problems as his grandmother attempted to raise him in Ghana. Roberts' father, who has a job as an auto parts salesman in Accra, Ghana, was busy and attempting to raise money for he and his family. His father never allowed him to move into his home and never cared for him directly. After his birth, his mother left Africa for England and Mr. Roberts was unable to join her until he was nearly 10.

C. **Sentencing Factors**

18 U.S.C. § 3553 requires that the following factors be considered in imposing a sentence including the sentencing guidelines.

1. *The nature and circumstances of the offenses and the history and characteristics of the defendant*. (3553(1)).

Mr. Roberts has made a lot of mistakes but is not a hopeless cause due to his relative youth. He has not had the insight until now to see what he is doing to his own life and future if he continues a path of criminal conduct. He knows he could easily go to prison for life if he gets in trouble again and is afraid of that happening for the first time in his life. He has had a major reality check to making continuous mistakes with his life and in judgment with substantial consequences. Another federal offense could result in life in prison. Another State offense could label him a recidivist resulting in a substantial period of incarceration. Knowing this alone is a deterrent factor. In conversations with Mr. Roberts, he has expressed a clear desire to become a productive citizen and to be useful to his community and especially to his family. He feels deeply ashamed about his behavior and wants to make it up to his loved ones with a living amends, helping them in any way possible.

2. *The need for the sentence imposed (3553(2)) to;*

a. *reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense.*

Mr. Roberts will spend a substantial amount of time in prison as a direct result of his actions. His past and actions considered, including efforts to show change and mitigation to the outcome of this case, make a sentence of 70 months reasonable. It is still a long time to serve.

b. *to afford adequate deterrents for criminal conduct.*

A sentence of 70 months is significant and will deter this defendant from further criminal conduct.

c. *to protect the public from further crimes of the defendant.*

Mr. Roberts shows no further interest in putting the public in jeopardy in any way. The sentence requested is sufficient but not greater than necessary to accomplish this goal. This is coupled with the fact that he will be deported immediately upon the service of his time in federal prison. Mr. Roberts will be further incarcerated via ICE and then suffer the added consequence of deportation from the United States with no possibility of returning to the country.

d. *to provide the defendant with needed education, vocational training, medical care, or other correctional treatment in the most effective manner.*

Mr. Roberts can and will avail himself of all programs the Bureau of Prisons will offer to better himself for the future. His family background has also been very

disruptive to his development and contributed to his addiction. It is easier to look at Mr. Roberts as a person who has no regard for the law. This however would be judging him only by his criminal circumstance and background. Looking beyond that clearly shows a young man who did not have a privileged life filled with support from his parents. Instead, Mr. Roberts fell into the abyss of life's struggles at a young age without the proper role models needed to show him the consequences to correct his behavior. There was no model for him to follow that would pull him out of his family and criminal behavior.  In fact, the one person he felt that he could trust, his wife, was the driving force behind his participation in the criminal enterprise which is at the center of this sentencing memo.  Giving him a future with the recommended sentence, with the substantive options he can avail himself of in prison, may help him achieve a better outcome for his life in the future. It may also help him see that there are other options than associations with criminal and forgery rings. He is young enough to find another path for himself and motivated to do so. Many have overcome these life struggles with the proper support and help.

Each of the above factors are satisfied with a sentence of 70 months in prison. Mr. Roberts is doing everything he can to address his conduct in this case in addition to taking full responsibility for his criminal actions.

**E. Sentencing Request**

Based on all the above and the information contained in the PSR it is respectfully requested that this Honorable Court impose a sentence of 70 months with the following recommendations:

1. That the Court would recommend Mr. Roberts receive any vocational training available while in custody.

2. That the Court recommend Mr. Roberts receive counseling available in the designated prison.

3. That the court recommend that when Mr. Roberts is released from prison, he be transferred in a timely fashion into ICE custody and be deported from the United States back to the appropriate nation as he is a citizen of both Ghana and the United Kingdom.

This 27th day of June, 2022.

Respectfully Submitted,

/s/ E. Jay Abt
Georgia Bar No. 001466
2295 Parklake Drive NE
Suite 525
Atlanta, Georgia 30345
jay@abtlaw.com

*/s/* Katie A. Hingerty Borodin
Georgia Bar No. 140967
2295 Parklake Drive NE
Suite 525
Atlanta, Georgia 30345
katie@hingertyalw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing Sentencing Memorandum was formatted in Times New Roman 14pt and has been served by electronically filing the same, which will notify all counsel of record.

Respectfully submitted this 27th day of June, 2022.

/s/ E. Jay Abt
Georgia Bar No. 001466
2295 Parklake Drive NE
Suite 525
Atlanta, Georgia 30345
jay@abtlaw.com

/s/ Katie A. Hingerty Borodin
Georgia Bar No. 140967
2295 Parklake Drive NE
Suite 525
Atlanta, Georgia 30345
katie@hingertyalw.com